UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROD TELFOR and ALICE TELFOR,

      Plaintiffs,

  v.

DON WITTKOPP, STEVE RUSSELL, MONTCALM COUNTY SHERIFF DEPARTMENT, and UNKNOWN OFFICERS AND GOVERNMENTAL ENTITIES,

      Defendants.

_____/

Case No. 1:04-CV-711

Hon. Richard Alan Enslen

**SUPPLEMENTAL OPINION**

      The Court finds that it is advisable to supplement its December 7, 2005 Opinion to better explain its analysis. To recapitulate, Plaintiffs brought their Complaint in this matter pursuant to 42 U.S.C. § 1983, and charged Defendants with violating their substantive due process rights, equal protection rights, and right to be free from unreasonable searches. On December 7, 2005, the Court entered an Opinion addressing Defendants' requests for summary judgment on Plaintiffs' substantive due process and illegal search claims. The December 7, 2005 Opinion also discussed Defendants' assertion that Plaintiffs failed to state a valid equal protection claim. After careful review, the Court found in Defendants' favor and entered summary judgment against Plaintiffs on their claims of due process deprivation and of an unreasonable search. As for Plaintiffs' equal protection claim, the Court found that—contrary to Defendants' assertion—Plaintiffs had in fact stated a claim under the Equal Protection Clause and denied Defendants' request to dismiss.

Traditionally, to prevail on a claim of selective enforcement in violation of the Equal Protection Clause, a plaintiff must satisfy the three-part test set out in *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir. 1991) (internal citations omitted):

> (1) First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. (2) Second, he must initiate the prosecution with a discriminatory purpose. (3) Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

Concerning their equal protection claim, Plaintiffs believed that "Defendant Wittkopp discriminated against Plaintiff [Rod Telfor] and labeled him as a career criminal for purposes of obtaining a search warrant . . . ." (Pls.' Resp. to Mot. for Summ. Disposition [sic] at 9). In so stating, Plaintiffs have not identified a suspect group or class that they belong to and others whom they were treated differently from. However, the Sixth Circuit Court of Appeals has indicated that in light of the Supreme Court's decision in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), an equal protection selective enforcement plaintiff can still establish liability. *Boone v. Spurgess*, 385 F.3d 923, 932 (6th Cir. 2004).

In this regard, to make an equal protection selective enforcement claim, a plaintiff must demonstrate either that the defendant distinguished between him and another based on an impermissible reason, or that the defendant had no rational reason to take the action complained of. *Id.* Thus, Plaintiffs have stated an equal protection claim by averring that Defendants had no rational reason to get a search warrant. Had Defendants merely asserted a rational reason supporting their warrant, rather than attacking the claim under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' equal protection claim would have likely been dismissed on summary judgment. Defendants simply

argued that because Plaintiffs have not pled membership in a suspect class, their equal protection claim must fail. Such an assertion is contrary to this Court's understanding of controlling equal protection jurisprudence.

Therefore, if Defendants have a rational reason supporting their conduct, they are encouraged to present it to the Court in the form of a motion for summary judgment under Rule 56. While the Court recognizes the vulnerability of Plaintiffs' equal protection claim to a myriad of rational reasons, the Court believes Plaintiffs have stated a claim for relief as pled under the Equal Protection Clause by claiming Defendants had no rational reason for their conduct.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    March 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |