UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROD TELFOR and ALICE TELFOR,

        Plaintiffs,

   v.

DON WITTKOPP, STEVE RUSSELL, MONTCALM COUNTY SHERIFF'S DEPARTMENT, and UNKNOWN OFFICERS AND GOVERNMENTAL ENTITIES,

        Defendants.
                              /

Case No. 1:04-CV-711

Hon. Richard Alan Enslen

**JUDGMENT**

       This matter is before the Court on Defendant Don Wittkopp's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. The briefing schedule allotted for a response to Defendant's Motion has long since passed and the Court has heard no opposition. W.D. MICH. LCIVR 7.2(c). Because the Motion is unopposed and the Court is fully advised in the premises, oral argument would serve as merely a hollow formality that the Court will do without. *Id.* at 7.2(d). For the reasons set forth below, the Court will grant Defendant's Motion.

       Plaintiffs brought their Complaint in this matter pursuant to 42 U.S.C. § 1983, and charged Defendants with violating their substantive due process rights, equal protection rights, and right to be free from unreasonable searches. *See* U.S. CONST. amends. IV. & XIV. On December 7, 2005, the Court entered an Opinion and Partial Judgment in this case dismissing Plaintiffs' substantive due process and illegal search claims.[1] The December 7, 2005 Opinion, however, refused Defendants'

---

[1] The Court dismissed all claims against Defendant Montcalm County Sheriff's Department and, though not specifically named, any claims against Montcalm County. The Court further dismissed Plaintiffs' illegal search claim under the Fourteenth Amendment and granted Defendants Wittkopp and Steven Russell qualified immunity on Plaintiffs' Fourth Amendment claim. Because Plaintiffs did not

request to dismiss Plaintiffs' equal protection claim under Federal Rule of Civil Procedure 12(b)(6), but noted that a host of rational reasons likely existed that would ultimately legitimize Defendants' behavior.[2]

The Court patiently awaited Defendants' motion for summary judgment, yet none came. The Court therefore issued a Supplemental Opinion further explaining why Plaintiffs' equal protection claim survived Defendants' request to dismiss under Rule 12(b)(6) and invited further motion under Rule 56. Defendant Wittkopp has now accepted the Court's invitation and so moved.

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole, *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and the facts are to be considered in a light most favorable to the non-moving party. *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on their pleadings but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It

---

request any equitable relief in their Complaint, the Court's grant of qualified immunity foreclosed any possibility of relief under the Fourth Amendment. *Cf. Flagner v. Wilkinson*, 241 F.3d 475, 483 (2001) ("defense of qualified immunity protects officials from individual liability for money damages but not from declaratory or injunctive relief."). Thus, the only remaining avenue of relief Plaintiffs could pursue arose under the Equal Protection Clause.

[2] *See Smith v. City of Salem, Ohio*, 378 F.3d 566, 568 (6th Cir. 2004) (courts must construe the complaint in a light most favorable to the plaintiff and accept his factual allegations as true when considering dismissal under Rule 12(b)(6)).

is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252.

In Defendant's current Motion for Summary Judgment, rather than assail Plaintiffs' equal protection claim for failure to plead membership in a suspect class, Defendant Wittkopp has now asserted that he based his decision to obtain a search warrant for Plaintiffs' residence based on a rational reason. That is, Defendant Wittkopp's decision to pursue a warrant was based upon information conveyed to him by a reliable and credible confidential informant and Defendant Wittkopp's understanding that prior drug activity had recently transpired at Plaintiffs' residence. Thus, the Court believes Defendant Wittkopp had a rational reason to take the action complained of in Plaintiffs' equal protection claim, and consequently, that claim must be dismissed.[3] *Cf. Boone v. Spurgess*, 385 F.3d 923, 932 (6th Cir. 2004).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Don Wittkopp's Motion for Summary Judgment (Dkt. No. 68) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Rod Telfor and Alice Telfor's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
May 15, 2006           RICHARD ALAN ENSLEN
                       SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Though not named in the Motion, the Court believes Defendant Russell is entitled to summary judgment for the same reason. *See Employers Ins. of Wausau v. Petroleum Specialties Inc.*, 69 F.3d 98, 105 (6th Cir.1995). In other words, Defendants Wittkopp and Russell only needed one rational reason to support their pursuit of the warrant, *Boone*, 385 F.3d at 932, which Defendant Wittkopp supplied.